E. A. MERRIELLES v. STATE BANK OF KEOKUK.

No. 267.

1. **Attachment Against Nonresident—Proof of Title.**—Where plaintiff sues a nonresident and attaches land of hers situated in Texas, it is not necessary, in order to maintain jurisdiction of the court to foreclose the attachment lien, that he should prove the title of the property to be in fact in her.

2. **Pleading—Supplemental Petition—Proper Matter.**—Plaintiff's original petition against E. A. M. and A. F. M. as defendants charged them with liability as makers of the note sued on. E. A. M. pleaded that she was the wife of A. F. M., and as such was not liable on the note. Plaintiff, by supplemental petition, replied, that under the laws of Iowa, where the note was executed, and the parties all resided, and under the facts in the case, stating them, she was liable on the note. *Held,* that this matter was properly pleaded in avoidance, and the court thereupon properly submitted to the jury the question of the wife's liability under the facts alleged in the replication and shown in evidence.

3. **Parties—Husband of Nonresident Wife as Defendant.**—Notice of suit was served on the nonresident husband as a defendant; but he was insolvent and without property in Texas, and at the trial plaintiff dismissed as to him and took judgment foreclosing his attachment against the wife's land. *Held,* that an assignment to the effect that the lower court erred in trying the case without jurisdiction over the husband was not well taken.

4. **Contracts—Lex Loci.**—In an action brought in Texas upon a note executed by a married woman in another State, where all the parties reside, her liability thereon will be determined under the laws of such other State, and enforced accordingly against her separate property in Texas.

5. **Verdict—Certainty.**—A verdict reading, " We, the jury, find for the plaintiff, and give him judgment for the sum of $2154.23, said amount being secured by an attachment lien on land described in plaintiff's petition," is sufficiently definite to authorize a judgment against the defendant, with foreclosure of such lien.

6. **Attachment—Motion to Quash in Appellate Court.**—Where the word " sworn " is omitted in an affidavit for attachment, but the defect is not urged in the lower court, a motion to quash on this ground is not tenable on appeal.

APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.

*J. L. L. McCall* and *I. W. Stephens,* for appellant.— 1. In order to give the court jurisdiction to render judgment against a nonresident in an action of debt by attachment, it must be alleged and proved that such nonresident owned property in the State and county where suit is filed.

2. The court erred in the charge in instructing the jury to return a verdict based on a state of facts not alleged in the original petition, but only in a supplemental petition, which stated a new cause of action, of which she, Mrs. Merrielles, had no legal notice. Ins. Co. v. Camp, 64 Texas, 521.

3. The court erred in submitting the cause to the jury over the plea.

and exceptions of Mrs. Merrielles to the jurisdiction for want of her husband before the court.    Rev. Stats, arts. 1205, 1206.

4. The court erred in submitting to the jury the laws of Iowa to create a liability against the separate real estate of· a married woman situated in Texas, contrary to the Constitution, laws, and public policy of Texas, and in overruling the motion for a new trial based on this ground. Rev. Stats., arts. 559, 1205, 1206, 2854, 2859; Harris v. Williams, 44 Texas, 124; Stansbury v. Nichols, 30 Texas, 145; Hayne v. Stovall, 23 Texas, 625; Peak v. Brinson, 71 Texas, 310; McDonna v. Wells, 1 N. C., 35.

5. The court erred in overruling the exceptions of Mrs. Merrielles to the jurisdiction of the court, because the attachment was void for want of an affidavit, she being a nonresident of Texas, and the court having no jurisdiction of her person by service of citation. Rev. Stats., art. 152; York v. The State, 73 Texas, 652; De Witt v. Monroe, 20 Texas, 293.

*Harry W. Kuteman*, for appellee.—1. Where jurisdiction is acquired over a nonresident by personal service and attachment of his property, it is unnecessary to make any proof of his title thereto. The fact·of an attachment being issued and levied on the land as the property of defendant is sufficient proof to authorize a judgment subjecting said land to the payment of the debt.

2. It was not error to charge the jury applicable to the supplemental petition as well as the original petition. "The object of a supplemental petition is to set forth facts in avoidance of matters of defense pleaded in the answer." Ins. Co. v. Camp, 64 Texas, 525.

3. Contracts made in another State are to be construed and their validity determined by the lex loci contractus. Ryan v. Railway, 65 Texas, 16; Garrett v. Gains, 6 Texas, 435; Bryan v. Bouton, 10 Texas, 62; Whart. on Confl. of Laws, secs. 101–104, 112–115; United States v. Garlinghouse, 4 Ben., 201.

4. The judgment was for plaintiff, and was sufficient in form to support the judgment. Plaintiff had dismissed as to A. F. Merrielles, and E. A. Merrielles was the only defendant when the verdict was rendered.

5. No motion was made in the court below to quash the attachment because of the omission of the word "sworn." 1 W. & W. C. C., sec. 845; Cason v. Connor, 83 Texas, 28; 79 Ill., 233; 30 Iowa, 452; Railway v. Whitley, 77 Texas, 127.

TARLTON, Chief Justice.—January 5, 1891, the appellee brought this suit against E. A. Merrielles and A. F. Merrielles, alleging an indebtedness due and to become due of $2092.65 upon thirteen promissory notes, executed by E. A. Merrielles and A. F. Merrielles to the order of Collier, Robertson & Hambleton, and by the latter transferred to the appellee for value and before maturity.

The plaintiff and defendants and the payees of the notes all resided at Keokuk, Iowa, at and before the execution of the notes, the bringing of the suit, and the rendition on May 22, 1891, of the judgment.

Citation was served upon the defendants as nonresidents, as provided in article 1230 of the Revised Statutes.

The plaintiff alleging, with certain statutory grounds for attachment, that the defendant E. A. Merrielles was the owner of the Patrick H. Anderson 640 acres survey, described by metes and bounds, lying in Parker County, in instituting the suit, caused a writ of attachment to be levied upon the land as the property of the defendant named.

E. A. Merrielles was the wife of A. F. Merrielles. The husband was insolvent. When the notes were executed E. A. Merrielles was conducting a mercantile business as the owner thereof, at Keokuk, Iowa. The payees in the notes were also merchants there, and the appellee, a banking corporation, was there engaged in business. According to the laws of Iowa, a married woman could, when the notes were executed and when this cause was tried, operate, manage, and own a mercantile business as could a feme sole, and could so contract debts, her separate property being liable for her debts.

The jury returned a verdict in the following form: "We, the jury, find for the plaintiff, and give him judgment for the sum of $2154.23, said amount being secured by an attachment lien on land described in plaintiff's petition." * * *

The judgment provided, that as A. F. Merrielles "has no effects in this State, the plaintiff take nothing against him."

It decreed a recovery, "as therein after qualified," in favor of the plaintiff against the defendant E. A. Merrielles for the sum named in the verdict, foreclosing the attachment lien upon the land described, and ordering any residue of the proceeds remaining after satisfaction of the judgment to be paid to E. A. Merrielles or to her order. It provided that after application of the proceeds of the land to the satisfaction of the judgment, the latter should be void as to any unpaid balance.

*Opinion.*— 1. We do not concur with appellant in the first assignment of error, that to maintain jurisdiction in the court to foreclose the attachment lien upon the real estate alleged in the petition to be the property of Mrs. E. A. Merrilles, it was necessary that the plaintiff should prove the title to the property to be in fact in her. If the title was in some other person, the decree was a nullity as to the true owner, not a party to the proceeding. This was a proceeding "in rem."

The property itself was brought within the jurisdiction of the court by the levy of the attachment writ upon it as the property of Mrs. Merrielles, in accordance with the allegation that it was hers. The right to exercise jurisdiction with reference to the property depends upon whether it has

been subjected to the control of the court by appropriate method. Attachment is such a method. Campbell v. Wilson, 6 Texas, 379; Battle v. Carter, 44 Texas, 485.

2. In the original petition liability was charged against the two defendants, E. A. Merrielles and A. F. Merrielles, as drawers of the notes, without an allegation that the relation of husband and wife existed between them. The appellant pleaded that E. A. Merrielles was the wife of her codefendant, and that as a married woman she was not liable on the notes.

To this plea the plaintiff, by supplemental petition, replied, that though a married woman, E. A. Merrielles was as such, under the laws of Iowa, authorized in her own name and as to her separate property to manage a general mercantile business, and that, so engaged, she executed the notes sued upon, being fully empowered by the laws of Iowa to so bind herself and her separate property.

We think the charge of the court submitting the question of the liability of E. A. Merrielles, under the facts alleged in replication, was proper. The allegations of the supplemental petition, consonant with the purpose and scope of that pleading, were " in avoidance of the matters of defense pleaded in the answer." We therefore overrule appellant's second assignment of error.

3. The remarks under the first assignment of error as to the character of this proceeding and the source of jurisdiction in this case constrain us to overrule appellant's third assignment, to the effect that the court erred in submitting the case to the jury without jurisdiction over the person of the husband.

4. Appellant, in her fourth assignment, complains that " the court erred in submitting to the jury the laws of Iowa to create a liability against the separate real estate of a married woman situated in Texas, contrary to the Constitution, laws, and public policy of Texas, and in overruling the motion for a new trial based on this ground."

Without undertaking an extended discussion of this question, we express the conclusion that the court correctly applied the law of Iowa, the " lex loci contractus," in the enforcement of the obligations in suit. This action, we think, was justified by the views of our Supreme Court in Ryan v. Railway, 65 Texas, 13, et seq.

5. The questions presented in the sixth and seventh assignments, and growing out of the entry in the judgment of the name A. E. Merrielles instead of E. A. Merrielles, are eliminated by the correction, in the respect named, of the judgment under proper authority.

6. The verdict, the form of which we have already stated, was sufficiently definite to authorize the entry of judgment against E. A. Merrielles, with a foreclosure of the lien sought in the pleadings, against her property exclusively. The verdict will be read in the light of the plead-

ings, in which no judgment of any character was sought against the husband.

7. The concluding assignment is founded upon the nullity of the attachment proceedings, alleged to be due to the want of an affidavit for attachment. The validity of these proceedings was in no way questioned in the trial court. The defect here relied upon consists in the omission of the word " sworn," or an equivalent word, in the affidavit. It is altogether probable that if the objection had been urged in the trial court it would have been met by accounting for and supplying the omission, probably due purely to clerical misprision. A motion to quash urged for the first time in a revisory court is not, we think, entitled to consideration.

The judgment is affirmed.

*Affirmed.*

Delivered December 14, 1893.

Justice STEPHENS did not sit in this case.