## G. E. STEWART V. A. T. SMALLWOOD.

### Decided May 18, 1907.

**1.—Absent Justice of the Peace—Statute Construed.**

It was the intention of the statute (art. 1566, Rev. Stats.), in case of the absence of a justice of the peace, to authorize the nearest justice of the peace in the county to perform the duties of such absent justice, but the duties must be performed by such nearest justice within his own precinct.

**2.—Issuance of Citation—Irregularity—Waiver.**

The issuance of a citation by a justice of the peace outside the limits of his own precinct while acting for an absent justice is merely an irregularity affecting the jurisdiction over the person of the defendant, and may be waived by him by failing to promptly move to quash the citation and thereby submitting himself to the jurisdiction of the court.

**3.—Acting Justice—Attachment—Void.**

A writ of attachment issued by a nearest justice of the peace, while acting for an absent justice, outside the limits of his own precinct, is void.

**4.—Exemplary Damages—Basis for.**

In the absence of a recovery for actual damages caused by the issuance of an attachment exemplary damages can not be recovered.

**5.—Absence of Issue—Refusal of Charge.**

It was not error to refuse a charge based upon the existence of a partner-ship and submitting certain offsets claimed by defendant when such charge was not warranted by the evidence.

#### ON REHEARING.

**6.—Failure of Court to Act on Motion—Waiver.**

When the record fails to show that a motion to quash an attachment was presented to or acted upon by the trial court it will be presumed that it was waived.

Appeal from the County Court of Fannin County. Tried below before Hon. Tom C. Bradley.

*J. H. G. Lee* and *H. G. Evans,* for appellant.—The court erred in overruling defendant's motion to quash the citation and attachment and dismiss the suit. Rev. Stats., art. 1566; Crawford v. Saunders & Bro., 9 Texas Civ. App., 225.

*McGrady & McMahon,* for appellee.—The County Court not having acted upon motion to quash attachment and not having been requested to do so, there is no ruling or action for this court to review.

Even if the suit was not properly filed in precinct 1, yet that was waived by defendant by his appearing and answering to the merits in that court before the regular justice of that precinct. Willis v. White, 29 S. W. Rep., 818; Masterson v. Ashcom, 54 Texas, 327; Morris v. Runnels, 12 Texas, 177; 66 Texas, 48.

The justice of precinct 1 being absent, the next nearest justice had the right to come into precinct 1 and act as justice of precinct 1 until the regular justice returned. Rev. Stats., arts. 1566, 1589; Pas. Dig., arts. 1219, 1220 (Act Feb. 16, 1852, p. 140, sec. 2); Foster v. McAdams, 9 Texas, 542. As the law stood before the Act of Feb. 16, 1852, appellant's objection would have been good had he made same in proper time and manner, but this defect in the law was cured by said Act. Under the present law, plaintiff, in the absence of the justice, has the option to sue in next nearest precinct, or he can call that justice and sue in the precinct of the absent justice, whose office the nearest justice holds during his absence.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought in the Justice Court of precinct No. 1 by A. J. Smallwood, appellee, against G. E. Stewart, appellant, on April 5, 1905, for the recovery of $150, money advanced by appellee to appellant; an attachment was sued out at the same time of filing suit and the writ was levied upon the property of appellant, which was afterwards replevied by him. The justice of the peace precinct No. 1 being absent from said precinct and from the State, T. J. Self, the justice of the peace of precinct No. 8, Fannin County, Texas, issued all the papers in the case, citation, writ of attachment, etc., filed the same in Justice Court of precinct No. 1, in Bonham, Texas, at a regular term of the court. Motion was made by appellant on May 18, 1906, to quash all papers in the cause and dismiss the case because the same was absolutely void and were issued without any authority of law. This motion was overruled by the justice. Case was tried and judgment for appellee for the amount sued for, from which an appeal was taken to the County Court by appellant; the same motion to dismiss was made in the County Court, which was overruled by the court. Appellant excepted to the ruling of the court. Case was tried in the County Court on July 25, 1906, by a jury and the court instructed a verdict for plaintiff for the amount sued for. Judgment accordingly followed, and defendant perfected an appeal.

The action of the court in overruling defendant's motion to quash the attachment proceedings and to dismiss the suit is assigned as error. The citation shows that it was issued by T. J. Self, justice of the peace, precinct No. 8, acting for John Fitzgerald, justice of the peace, precinct No. 1, absent. It is made returnable to the court to be held by him at Bonham, in precinct No. 1, at his office. The writ of attachment is issued by the same justice and made returnable to the Justice Court to be held at Bonham at the office of T. J. Self on the 24th day of April, 1905. All the papers in the case

issued at the institution of the suit show that they were issued by
T. J. Self, justice of the peace, precinct No. 8, acting for John
Fitzgerald, justice of the peace, precinct No. 1, absent, and were
filed in the Justice Court of said precinct No. 1 by said T. J. Self,
where the case was tried. The motion to dismiss was filed at or
just before the case was tried in the Justice Court. This motion was
overruled by the Justice Court, and on appeal to County Court was
again presented to the County Court and urged and overruled by it.

It is provided by article 1566, Rev. Stats., that, "During the
period of such vacancy in the office of justice of peace, or whenever
the justice of the peace in any precinct shall be absent, or unable
or unwilling to perform the duties of his office, the nearest justice of
the peace in the county may perform the duties of the office until
such vacancy shall be filled, or such absence, inability or unwilling-
ness shall cease." It is not disputed that John Fitzgerald, justice of
the peace for precinct No. 1 of Fannin County, was absent at the
time of filing this suit and the issuance of the writ of attachment,
and that T. J. Self, the justice of the peace of precinct No. 8, was
the nearest justice in Fannin County. It is contended in argument
that when the justice of the peace is absent from his precinct, the
nearest justice in the county has jurisdiction of all cases which
may be brought in the precinct of such absent justice, but such
nearest justice can not go out of his precinct and issue process and
make the same returnable to the court of the absent justice, but
should make the same returnable to the court of said nearest justice
of the peace. In other words, that there is no law authorizing a
justice of the peace to go out of his precinct and issue process in
another jurisdiction and make it returnable to that jurisdiction.

We are of the opinion that the intention of this statute is, in
the case of the absence of the justice of the peace, to authorize
and confer jurisdiction upon the nearest justice of the peace in the
county to perform the duties of such absent justice. The statute
does not, however, confer power upon such nearest justice to go out-
side of his precinct and to the office of such absent justice and there
perform such duties, but contemplates that the duties shall be per-
formed in the precinct of such nearest justice. Crawford v. Saunders
& Bros., 9 Texas Civ. App., 225.

The fact that Justice Self attempted to act at Bonham, outside
his precinct, and in the place of Justice Fitzgerald, absent, and
issued the citation while so acting, does not necessarily require a
dimissal of the suit. This irregularity only affected the question of
jurisdiction over the person of defendant and could be waived by
him. The case was regularly docketed in Justice Fitzgerald's court
and after his return on May 24, 1905, the cause was continued
because of the absence of plaintiff's attorney, and set for May 31.
On June 1, the defendant answered on the merits of the case. On
the same day plaintiff was granted leave to amend. On June 26, the
case was reset for July 18. The transcript shows no other order
until January 8, 1906, when it was reset by agreement for Feb-
ruary 27, 1906. On February 27, it was continued by plaintiff. It
was again set for May 9, 1906, and on that day reset for May 18,
1906, on which day the motion to quash the attachment and dismiss

the suit was filed. These facts show a voluntary appearance by defendant and his submission to the jurisdiction of the court over his person and the motion to dismiss was therefore properly overruled.

These facts furnish no sufficient answer to the motion to quash the attachment. This motion was duly filed. Wallace v. First Nat. Bank, 65 S. W. Rep., 180. The writ of attachment was issued without authority of law and the motion to quash the same should have been sustained. It was error to overrule this motion. This error does not necessarily require a reversal of the judgment. If the evidence failed to disclose any damage in the levy of the writ of attachment requiring the submission of that issue to the jury, then the judgment is only erroneous in foreclosing the attachment lien, and the judgment of foreclosure may be reversed and in this respect reformed.

On the issue of damage caused by the levy of the writ of attachment, the defendant requested, and the court refused, the following charge: "The defendant has plead in reconvention damages for the wrongful suing out of the attachment in this case as follows: Actual damages $40, exemplary damages $60, and I charge you that if you believe from the evidence that the attachment was wrongfully sued out, you will find for the defendant the amount of actual damages the evidence shows he is entitled to, not to exceed the sum of $40, and if you further believe from the evidence that the attachment was wrongfully and maliciously sued out and without probable cause for so believing the grounds of the attachment to be true, you will find for the defendant vindictive damages not to exceed $60." The evidence did not show any actual damage sustained by appellant in the suing out and levy of the attachment. In the absence of a recovery for actual damages exemplary damages can not be recovered. The charge was properly refused.

The defendant requested a charge reading as follows: "Defendant admits he received the one hundred and fifty dollars sued for, but that he had offsets, and I charge you that the defendant claims fifty dollars cash paid out for freights on certain mill property, including the property attached in this cause, and fifty dollars for building and putting in the mill property, and I charge you that if you believe that the same grew out of this transaction, then you will find for the defendant such sum as you believe the evidence shows the defendant is entitled to, not to exceed $100." The action of the court in refusing this charge is assigned as error. The defendant answered that he and plaintiff were partners in a mill and that during the partnership he paid out for freights on certain mill property fifty dollars. The plaintiff denied the partnership and answered by a plea of *res adjudicata* to the issue of partnership. The evidence showed that the issue had in another suit between the same parties been adjudicated adversely to appellant. The evidence did not show that the freight was paid for the benefit of plaintiff or that he promised to pay the same. Nor did it show that defendant erected the mill on the promise of plaintiff to pay for its construction. The charge was not called for by the evidence and was properly refused.

The court erred in foreclosing the attachment lien and in entering judgment against the sureties on defendant's replevin bond and the judgment in this respect is reversed and reformed and the writ of attachment quashed; the money judgment in favor of appellee is affirmed. The costs of this appeal are taxed against appellee.

*Affirmed in part, and reversed and reformed in part.*

### ON REHEARING.

The motion for rehearing complains of our action in quashing the attachment proceedings, and in reforming the judgment, for that appellee contends the record fails to show that the motion to quash was presented to or acted upon by the County Court. A careful examination of the record fails to disclose any action by the County Court upon this motion and in this condition of the record the motion will be considered as having been waived. The record does not show affirmatively, independent of the recitals in the motion, that the writ of attachment was issued outside of the limits of the precinct of the justice who issued the same. The motion for rehearing is granted and the judgment in all things is affirmed.

*Affirmed.*