WALKER v. GOETZ.    (No. 1042.)

(Court of Civil Appeals of Texas.    El Paso. Jan. 22, 1920.    Rehearing Denied Feb. 12, 1920.)

1. APPEARANCE ⬅19(1)—SUBMISSION TO JURISDICTION OF COURT BY FILING ANSWER.

A party who appeared and filed an answer submitted herself to the jurisdiction of the court.

2. HUSBAND AND WIFE ⬅146½—LIABILITY OF TEXAS LANDS OF MARRIED WOMAN FOR DEBT CONTRACTED OUTSIDE OF STATE GOVERNED BY LAWS OF STATE WHERE DEBT CONTRACTED.

In determining liability to execution of Texas lands of a married woman for a debt contracted outside the state, the laws of the state where debt was contracted govern.

3. HUSBAND AND WIFE ⬅156—LIABILITY OF ESTATE OF MARRIED WOMAN TO EXECUTION ON COMMUNITY DEBT CONTRACTED IN ANOTHER STATE.

Where an Arizona married woman signed a note with her husband, held that under Civ.

Code Ariz. 1913, par. 3852, execution on a judgment on the note might be levied against the separate property of the married woman located in Texas, the judgment having been recovered in that state, and notwithstanding it was found that the note was given for supplies furnished from a general merchandise store, paragraphs 3855 and 3856, relating to the wife's obtaining supplies for herself and children on the credit of the husband, have no application.

Error from Midland County Court; J. M. De Armond, Judge.

Action by Charles E. Goetz against Mrs. John Walker and husband. There was a judgment for plaintiff, and the named defendant alone brings error. Affirmed.

Garrard & Baker, of Midland, for plaintiff in error.

B. Frank Haag, of Midland, for defendant in error.

WALTHALL, J. Charles E. Goetz, defendant in error, brought this suit in the county court of Midland county against John Walker and wife, based upon a promissory note in the sum of $700, executed by John Walker and Mrs. John Walker in Arizona and made payable to the order of C. E. Goetz at Benson, Ariz., bearing interest and providing for the payment of attorney's fees on default of payment when due. Defendants were duly cited and filed answer. Plaintiff caused a writ of attachment to be duly issued and levied upon certain real estate, the separate property of Mrs. John Walker, in Midland and Tarrant counties. The case was tried before the court without a jury, and, after briefly reciting the issuance and levy of the attachment describing the property upon which the levy was made, judgment was rendered for defendant in error for the amount sued for against plaintiffs in error, jointly and severally, and awarding execution. Mrs. John Walker alone appeals.

The court made and filed findings of fact and conclusions of law. The only issues presented arise on the plea to the jurisdiction of the court over the person of Mrs. Walker and the liability of her separate real estate. John Walker and Mrs. John Walker were husband and wife. Each live in Arizona, and each signed and delivered the promissory note sued on.

Plaintiff in error presents two assignments of error. The first is to the order of the court overruling her plea in abatement; the second assigns error in rendering personal judgment against her and foreclosing the attachment lien on her separate real estate. The contention under the first assignment is substantially to the effect that defendant in error relies upon the attachments and the law of Arizona as pleaded for jurisdiction and right of recovery against her; that the returns on the attachments and the findings of

the court show that the property levied upon was her separate property, and that the note sued on was for a community debt; that under the laws of Arizona the separate property of the wife is not primarily liable for the community debt, and not until the separate property of the husband and the community property have first been exhausted; and that the facts do not appear which show her personal liability or that of her separate property.

[1] Mrs. Walker submitted herself to the jurisdiction of the court over her person by appearing and filing an answer. The cause of action is one over which the court had jurisdiction.

[2, 3] The defendant in error alleged that the note sued on was and is a binding obligation under the laws of Arizona; that the law in said state relative to the liabilities of married women is as follows, to wit, paragraph 3852, Revised Statutes of Arizona 1913, Civil Code, provides that thereafter married women shall have the same legal rights as men of the age of 21 years and upward, except their right to make contracts binding the common property of the husband and wife, and shall be subject to the same legal liabilities as men of the age of 21 years and upward. The paragraph of the Arizona Statute as found by the court reads as follows:

"Hereafter married women shall have the same legal rights as men of the age of twenty-one years and upwards, except the right to make contracts binding the common property of the husband and wife, and shall be subject to the same legal liabilities as men of the age of twenty-one years and upwards."

Defendant in error pleaded no other paragraph of the Arizona Statutes. Plaintiff in error, in defense, pleaded paragraph 3856 of the Arizona Statutes, which reads as follows:

"Upon the trial of any suit as provided for in the preceding section, the court shall decree that the execution be levied, first upon the common property, second upon the separate property * * *, third upon the separate property of the wife."

Defendant in error pleaded no other paragraph of the Arizona Statutes. Other paragraphs of the Statutes of Arizona are in the court's findings without objection and without being pleaded by either party. Some of the paragraphs appearing in the findings state what shall constitute the separate properties of the husband and wife, and the community property of the husband and wife, but we think they are immaterial and need not be considered, as they have no special bearing upon the issues presented here. One paragraph, however, it is insisted by plaintiff in error does have a bearing. It is paragraph 3855, the preceding paragraph referred

to in the one pleaded by plaintiff in error. It reads:

"The wife may contract debts for necessaries for herself and children upon the credit of her husband, in which case she and her husband must be sued jointly."

But it was not alleged in the answer, nor did the trial court find, that the note sued upon was given for necessaries for the wife or children, nor that the credit for articles purchased was upon the credit of the husband, so that paragraph 3856, pleaded by plaintiff in error, has no application to any issue in the pleading or the court's findings of facts.

The only question remaining recurs upon the application and construction to be made solely of paragraph 3852, pleaded by defendant in error. The finding of the court is that—

"The consideration for the note was for supplies furnished defendants from the general merchandise store of plaintiff in Benson, Ariz."

Is the finding sufficient to show a liability of the wife on the note? Under paragraph 3852 of the Statutes of Arizona there seems to be a personal liability of the wife on the note. We have found no decision of the courts of Arizona construing said paragraph, but if the wife has the same legal rights as men of the age of 21 years and upwards, and are subject to the same legal liabilities except only as to the wife alone making contracts binding their common property, we can see no reason why Mrs. Walker, on the note executed jointly with her husband, would not be personally liable on the note. Logically, it would seem to follow that when the wife is personally obligated her separate estate is liable, save where it is by law exempt from forced sale. There does not appear in the record any statute of Arizona qualifying the liability of a married woman on her obligation or exempting any of the property from forced sale. The law of the former, fixing the rights and liabilities of parties to a contract, governs. In Merrielles v. State Bank of Keokuk, 5 Tex. Civ. App. 483, 24 S. W. 564, a married woman of Iowa owned separate real estate in Texas. By the laws of Iowa she could contract in her own name and render her separate real estate liable. Accordingly she did contract and created a debt in Iowa, and the creditor sought to make her separate real estate in Texas liable for the debt. The Ft. Worth Court of Civil Appeals in that case held that the laws of Iowa would govern in subjecting her real estate in Texas to the payment of the debt. The same rule is announced by our Supreme Court in Ryan & Co. v. M., K. & T. Ry. Co., 65 Tex. 13, 57 Am. Rep. 589.

Judge Simpkins in his work on Contracts

and Sales, to which we refer, in the chapter on Construction of Contracts, under the subdivision Lex Loci Contractus, cites many Texas cases. We need not review them. They sustain the rule stated above.

Finding no reversible error, the judgment is affirmed.