## SMITH v. CITIZENS' NAT. BANK OF LUBBOCK. (No. 2039.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 22, 1922. Rehearing Denied Jan. 3, 1923.)

**1. Pleading ⊗⟹111—In absence of controverting plea, plea of privilege calls for removal.**

Where a plea of privilege is filed, in the absence of a controverting plea, the trial court can make but one order and that is of removal.

**2. Pleading ⊗⟹111—Plea of privilege does not operate as instant removal.**

The statute providing for pleas of privilege does not provide when the controverting plea should be filed, nor that the filing of the plea shall instantly operate as a removal.

**3. Pleading ⊗⟹111—Sufficient time should be given opposite party for controverting plea.**

The statute providing for pleas of privilege and procedure thereunder should be construed so as to effect its purpose and give the opposite party reasonable time to file controverting plea.

**4. Pleading ⊗⟹111—Reasonable time for controverting plea discretionary.**

What is a reasonable time for filing controverting plea to plea of. privilege is in the trial court's discretion, and if no abuse is shown none will be presumed.

**5. Judgment ⊗⟹106(1)—Default taken if no answer filed when appearance docket called.**

Under Rev. St. art. 1934 et seq. appearance day is set apart for calling appearance docket for orders, and, if defendant has not answered, default must be taken.

**6. Appearance ⊗⟹8(3)—Filing plea of privilege prevents default.**

Filing plea of privilege is an appearance and prevents default.

**7. Pleading ⊗⟹111—Filing plea controverting plea of privilege before trial call timely.**

Rev. St. art. 1943, requires suits to be called in order, when final judgment has not been taken by default, and trial be had in order in which cases stand on the docket, and article 1947 provides when a case is called for trial issues of law on pleadings, pleas in abatement, etc., shall be determined, and, where plea of privilege was filed, a controverting plea filed before trial call was in time.

**8. Appeal and error ⊗⟹1039(1)—Hearing plea of privilege and case on merits together not reversible error, if defendant was deprived of no substantial right.**

Where the issues on a plea of privilege and on the merits were the same, and it appeared from the evidence that the suit was brought in the proper county as the note provided for payment in the county of venue, and defendant's plea of privilege was properly overruled under Rev. St. art. 1830, subd. 5, and defendant was deprived of no substantial rights which he could have secured on separate hearing, in hearing evidence on the plea and the merits at the same time there was no reversible error.

**9. Venue ⊗⟹7—Non est factum defeats venue in action on note.**

In action on a note, payable in county of venue where defendant filed plea of privilege, non est factum would have defeated venue under the exception of the statute.

**10. Bills and notes ⊗⟹34—Error shown in dating note when originally written.**

Where a note dated December 13, 1921, shows partial payments due monthly January

15, 1921, and thereafter each month, including September 15, 1921, it conclusively showed a clerical error in dating.

**11. Trial ⚙️➾39—Filing certified copy of chattel mortgage with trial papers admits it in evidence.**

Filing certified copy of a chattel mortgage with the trial papers before trial is sufficient to admit it in evidence.

**12. Evidence ⚙️➾343(4) — Certified copy of chattel mortgage admissible in like manner as original.**

A certified copy of a chattel mortgage in the office of the county clerk is, under Rev. St. art. 5657, admissible in evidence in like manner as original.

**13. Sequestration ⚙️➾12 — Affidavit and bond not jurisdictional.**

The affidavit and bond in sequestration are not jurisdictional in character but are for defendant's protection, which he may waive, and they are waived unless he urges the want thereof of proper grounds by a motion or plea.

**14. Appeal and error ⚙️➾190(1)—Objection to affidavit in sequestration not first urged on appeal.**

Objection to affidavit in sequestration cannot be urged first on appeal.

Appeal from District Court, Lubbock County; C. D. Russel, Special Judge.

Action by the Citizens' National Bank of Lubbock against H. B. Smith, Jr. From a judgment for plaintiff, defendant appeals. Affirmed.

Kirby, King & Overshimer, of Abilene, for appellant.

Bean & Klett, of Lubbock, for appellee.

HUFF, C. J. The appellee bank sued Smith on a promissory note for the principal sum of $900, payable in monthly installments of $100 each, bearing date December 13, 1921, but it is alleged that the date of the note was written by mistake and that its true date was for the year 1920; that the note was secured by a mortgage on a Cadillac touring car of the market value of $600. Judgment was asked for the debt, interest, attorney's fees and for foreclosure of the lien. Upon affidavit and bond for sequestration a writ of sequestration was issued and levied on the car. Smith replevied by executing a replevy bond under the statutes, with H. B. Smith and H. A. Fry as sureties. The appellant filed his plea of privilege to be sued in Taylor county, his alleged place of residence. This plea was controverted by a plea, properly sworn to by the plaintiff. The appellant excepted to the controverting plea. The plea of privilege was overruled, and judgment entered for the debt, interest, attorney's fees, and with foreclosure of the lien.

The first proposition is to the action of the court in refusing to strike out the controverting plea upon appellant's exception or motion. The appellant, as alleged by both parties, resided in Taylor county. The plea of privilege simply alleged that appellant resided in Taylor county, and made the other necessary allegations now required by the statute in pleading the privilege to be sued in the county of his residence. The original suit was filed in the district court of Lubbock county, Tex., and alleged that the note sued on provided for its payment at Lubbock, which it was alleged, was situated in Lubbock county, Tex. The plea of privilege was filed December 1, 1921. The district court convened December 12, 1921. Appearance day was December 13, 1921. The record shows by the oral testimony of an attorney that the appearance docket was called on that day and the instant case was called at that time. There appears to have been no order entered by the court. The appellee filed its controverting plea December 17, 1921, setting up the execution of the note for $900, payable in monthly installments, and it is alleged that if default was made in the payment of any installment the entire debt would become immediately due and that it further provided that it was payable in Lubbock, Tex., alleging that Lubbock is situated in Lubbock county, Tex. It also set up default in the payment of several monthly payments, declaring on the entire note for the amount thereof then due—$800; that $100 or one monthly payment only, had been made. The appellant excepted to the controverting plea because (1) he was served on the 2d day of June, 1921, to appear December 12, 1921, and that he filed his plea of privilege December 1, 1921; (2) that appearance day was the 13th of December, 1921, and that appellee did not file any controverting plea on that day, that the case was called on appearance day and, as appellant had filed his plea of privilege and as no controverting plea had been filed, the plea of privilege was established, and the district court no longer had jurisdiction, but the same was with the district court of Taylor county, and that the court could only order a change of venue. The trial court overruled the exception or motion to strike out the controverting plea.

[1-4] It is true the courts, in effect, hold where a plea of privilege is filed, in the absence of a controverting plea, the trial court can make but one order and that is the one of removal. The statute does not specifically provide when the controverting plea should be filed, nor does it provide the filing of the plea of privilege shall instantly operate as a removal. Necessarily there would be some interval between the filing of the plea of privilege and the controverting plea. The statute and the procedure thereunder should receive a reasonable construction so as to effect its purpose, and also time sufficient to give the opposite party a reasonable time to

controvert the plea. This necessarily would be in the discretion of the trial court and if no abuse is shown none will be presumed.

[5-7] Under article 1934 et seq., R. C. S., appearance day is set apart for the purpose of calling the appearance docket for orders. If the defendant had not answered default may be taken. The filing of the plea of privilege was an appearance for that purpose and prevented a default. Article 1943 requires suits to be called in their order, when final judgment has not been taken by default and the trial be had in the order in which the case stands on the docket. Article 1947 provides when a case is called for trial the issues of law arising on the pleadings, plea in abatement, etc., shall be determined. The plaintiff in this case would not have been authorized to take a default judgment because the plea of privilege had been filed. The cause then stood for call in its regular order, and if there was a controverting plea filed before the call we see no just reason why this would not have been in time. There is nothing to show it was called out of its order or that the controverting plea was filed after its call, or anything to show the court abused his discretion in 'then hearing the question raised. The exception or motion, we think, was properly overruled.

[8] The second and third propositions assert error in not first trying the issues of the plea of privilege before trying the case on the merits, and in forcing appellant to a trial on the merits over his objection, etc. On the 6th day of February, 1922, the case was reached. It appears from a bill of exceptions that the appellant was notified to respond to the controverting plea and that he appeared for that purpose. After the court overruled the exceptions to the controverting plea he sought to have the trial court first dispose of the plea, the trial court stating it appeared upon hearing the exception that the issues would be the same in the plea and on the merits, and he would hear both together, and that appellant presented no ground or reason for a postponement of the trial. The court, therefore, proceeded with the trial. The appellant also excepted because the trial court first refused to pass upon his plea of privilege after he had heard all of the appellants' evidence. The note was payable at Lubbock, as alleged. Clearly the suit was brought in the proper county, as the note provided for its payment in that county and the plea of privilege was properly overruled under subdivision 5, art. 1830, Revised Civil Statutes. It seems to be the contention of appellant, as he excepted and gave notice of appeal, a trial on the merits should await the appeal from the interlocutory order. There was no plea that the note was not executed by the appellant, or that it was not made payable at Lubbock; unless there was a plea to that effect, and evidence supporting it, the trial court

could do nothing but retain jurisdiction of the cause and render judgment for the amount due thereon. Of course, if appellant could have induced the court to defer action on the merits until he could have procured a hearing on an appeal from the judgment on his plea he would secure a delay. A failure to secure a delay ought not to cause a reversal, where it is clearly shown the proper judgment has been rendered both on the plea and the merits. We believe in this case the trial court committed no reversible error in hearing the evidence on the plea and the merits at the same time. If the record should show the appellant was deprived of a substantial right which he could secure upon a separate hearing a reversal might be granted. This case is wholly lacking in a showing of injury. The trial court seems to have exercised a sound discretion and his action should be upheld. Wichita Valley, etc., v. Simpson (Tex. Civ. App.) 227 S. W. 352. If the trial court had tried the plea first and overruled it, from which an appeal was prosecuted, this would not necessarily suspend the judgment rendered on the merits. If it had been sustained, a change of venue would be suspended pending the appeal. This, as we understand is the holding of the Supreme Court in a recent case. Allen v. Woodward, 239 S. W. 602. This, in our judgment, does not conflict with Hickman v. Swain, 106 Tex. 431, 167 S. W. 209. The latter case construes the provision of article 1833, which permits an appeal from a judgment sustaining the plea. The Allen Case we think in harmony with the Hickman Case. The Texarkana court, however, by a majority opinion, is apparently of the view that the Allen Case should apply only where there has been a trial on the merits, and not upon default. McKean v. Martin (Tex. Civ. App.) 243 S. W. 575. See, also, Wallace v. Adams (Tex. Civ. App.) 243 S. W. 572. In this case there was a trial on the merits and judgment entered upon the cause of action declared upon, and the whole case is before this court. If the proper judgment was entered on the plea and upon the merits there is no sound reason for reversing the case because there may have been some irregularity in the proceeding, where no injury is shown to appellant to have resulted therefrom.

[9] The third proposition shows no reversible error. This appears to be based on the theory that appellant was not given notice that a trial would be demanded on February 6, 1922. If he was not then ready on the merits he should have set up in a proper motion grounds for continuance or postponement. If he really had any defense he does not show it. The note proved his liability in the absence of any ground alleged defeating it. It is suggested in the brief he could have shown forgery. If such was his defense, this would have defeated the venue, and he should have been prepared to show it on the

day the case was set down for hearing. In fact, non est factum is about all that would have defeated the venue in this case under the exception in the statute.

[10] The fourth proposition is that the note bears date December 13, 1921, and the allegation is that it was executed December 13, 1920, alleging a mistake in dating the note originally. There appears to have been no objection in the trial court on the ground of variance at the trial. In the absence of such, the note on its face shows a mistake in dating it. The appearance day in the trial court for this case was December 13, 1921, and the note on its face shows the partial payments were to be made monthly, $100 January 15, 1921, and thereafter each month the payment of $100 was to be made on the 15th day of each month, including September 15, 1921. It conclusively shows there was a mistake or a clerical error in dating the note when originally written.

[11, 12] The fifth proposition is to the action of the trial court in admitting a certified copy of the chattel mortgage. The objection appears to have been that it was not filed before trial and that it was secondary evidence. It appears from the records the court permitted the appellee to withdraw its announcement of ready for trial. The mortgage was thereafter filed and upon the trial, after a new entry into trial was admitted, over the objection that it was secondary evidence. There is no objection that it was not properly authenticated for record. A filing of the mortgage with the trial papers before the trial is sufficient. Morris v. Moone (Tex. Civ. App.) 120 S. W 1063. A certified copy of the chattel mortgage in the office of the county clerk is, under article 5657, Revised Civil Statutes, admissible in evidence in a like manner as the original. Edwards v. Osman, 84 Tex. 656, 19 S. W. 868; Oxsheer v. Watt, 91 Tex. 402, 44 S. W. 67; Morris v. Moon, supra.

[13, 14] The eighth, sixteenth, and seventeenth propositions are presented and argued together. It is asserted thereby the affidavit and bond in sequestration was irrelevant to a trial on the issue of venue; that the affidavit is defective, setting up different grounds for sequestration and therefore duplicitous; that it does not state specifically the value of the automobile but only the belief of the affiant. The case was tried on its merits, and there was no error in receiving the affidavit and bond in evidence. The court, we think, was authorized in taking judicial knowledge of them as part of the record in the case. No injury could have resulted in offering them in evidence. There was no motion made to quash the sequestration proceedings and a mere objection to their introduction in evidence because irrelevant does not amount to a motion to quash. In fact, the objection to the admission as evidence was not made in

the court below that the grounds stated in the affidavit were indefinite or duplicitous. The affidavit and bond in sequestration cases are not jurisdictional in character, but, like many matters, are for the protection of the defendant and are of such character that he may waive them, and they are waived, unless the defendant urges the want thereof of proper grounds by a proper motion, or plea. Stewart v. Smallwood, 46 Tex. Civ. App. 467, 102 S. W. 159 (5). On motion for rehearing, Goodbar v. City. National Bank, 78 Tex. 461, 14 S. W. 851; Reinersten v. Bennett (Tex. Civ. App.) 185 S. W. 1027; Hester v. Baskin (Tex. Civ. App.) 184 S. W. 726; Tyson v. First State Bank (Tex. Civ. App.) 154 S. W. 1055. Objections to the affidavit cannot be urged for the first time on appeal. Merrielles v. State Bank, 5 Tex. Civ. App. 483, 24 S. W. 564 (7); Rowan v. Shapard, 2 Willson, Civ. Cas. Ct. App. §§ 295, 296; Lundy v. Little (Tex. Civ. App.) 227 S. W. 538, (7 and 8). Most of the cases above cited are attachment proceedings, but we think the same rule applies in sequestration cases. We do not pass on the sufficiency of the affidavit in this case, as there was no motion or plea in the nature of an abatement attacking it in the court below for insufficiency.

The ninth and tenth propositions have been sufficiently disposed of in our consideration of the fourth proposition. We think no reversible error is shown by propositions 12 and 13. Mills v. Hackett, 65 Tex. 580; Rahlmann v. Galveston Auto Co. (Tex. Civ. App.) 238 S. W. 345; Morris v. Anderson (Tex. Civ. App.) 152 S. W. 677 (4).

The judgment will be affirmed.