

# THE ATTORNEY GENERAL
## OF TEXAS ~~Overruled by~~ M- 68 ~~where~~ ~~conflicts~~

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

July 29, 1963

Hon. Walter E. Wilson
County Attorney
Ector County Courthouse
Odessa, Texas

Opinion No. C- 112

Re:   Whether a justice of the
      peace may conduct his
      court in a place other
      than in his precinct, and
      related question.

Dear Mr. Wilson:

        Your request for opinion addressed to this office states as
follows:

        "The facts in connection with this request are
as follows:  The Justice of the Peace Precinct lines
in Ector County, Texas, there being four, intersect
and join at the intersection of 8th Street and Muskingum
Street in Odessa, Ector County, Texas.  At the present
time, the Ector County Courthouse is under construction,
said building to be completed in the early part of 1964.
At the present time, the Justice of the Peace offices
are located in three of the respective Justices of the
Peace in their homes located in the precinct over which
they preside, and one Justice of the Peace, Precinct
#1, being located in the temporary office building which
is located in Precinct #1.  It is the desire of the
Commissioners' Court to change the precinct boundary
lines in Ector County, Texas from those as hereinabove
set out and to cause said boundaries to intersect in
the block bounded by Grant Street on the West, Texas
Street on the East, Fourth Street on the North, and
Third Street on the South, the location of the Court-
house building here in Odessa, Ector County, Texas.
It is not the desire nor the intention of the Ector
County Commissioners' Court to enter an order abolish-
ing the precinct or to declare a vacancy in the offices
of the respective Justices of the Peace, it being the
sole intention of the Ector County Commissioners' Court
to provide a place for the Justices of the Peace to
have their office in the Courthouse building proper
and a place to hold court, etc."

The subsequent correspondence in connection with your request also asks:

"Can the Justices of the Peace operate out of the County Courthouse although the precinct boundaries do not join at the Courthouse under the assumption that the County Courthouse is by operation of law a portion of each Justice of the Peace Precinct?"

Article 2380 of Vernon's Civil Statutes provides in part that:

" . . .

"2. Each justice shall hold the regular term of his court <u>at his office</u> at such time as the commissioners Court may prescribe." (Emphasis added).

Your letter indicated that the Commissioners' Court of Ector County has not previously provided for the justices to hold court at any particular place, and that three of them now hold office in their respective homes. We have found no authority which would allow a justice of the peace to maintain his office outside of his precinct boundary. The case law and statutory authorities both lead us to believe that the division of the county into precincts and the various duties appurtenant thereto were to be performed by the justice in his own precinct. Articles 2377 and 2379 of Vernon's Civil Statutes. Article 60a of Vernon's Code of Criminal Procedure. <u>Stewart v. Smallwood</u>, 102 S.W. 159 (Tex.Civ.App. 1907).

Assuming that the Commissioners' Court does change the precinct boundaries as they propose, we now turn to your primary question for consideration.

Attorney General's Opinion No. WW-536 (1958) affirmed a long line of opinions on the same question, and held as follows:

"The Commissioners Court may, at any time, abolish old Justice Precincts and redivide the county into new precincts. In such case the Justices of the Peace and Constables elected in a precinct whose boundaries are altered, have no right to continue in office or draw their salaries. The vacancies created by such an order are required to be filled by the Commissioners Court."

Shortly before the release of our opinion No. WW-536, the Supreme Court refused an application for writ of error with the notation "no reversible error" in the case of Childress County v. Sachse, 310 S.W.2d 414 (Tex.Civ.App. 1950, error ref. n.r.e.), and in a Per Curiam opinion found at 312 S.W.2d 381 (1958), the Court stated at page 380 as follows:

"The application for writ of error is re-fused. No reversible error. We approve the holding of the Court of Civil Appeals that changes in precinct boundaries do not create a vacancy in the office of County Commissioner or deprive the incumbent of the right to hold of-fice for the remainder of his term, even though by reason of such changes his residence is not within the precinct as redefined. 310 S.W.2d 414."

We interpret this to mean that the Supreme Court agrees with the holding of the Court of Civil Appeals, but not necessarily with any other language used. Since the Sachse case, supra, involved only the office of County Commissioner, we do not feel that the same principles are applicable to justices of the peace and constables. Under the plain provisions of Section 18 of Article V of the Texas Constitution it is mandatory that each county have four commissioners' precincts; however, in the case of justice precincts this provision clearly authorizes the Commissioners' Court to divide the county "from time to time for the convenience of the people, into precincts not less than four or more than eight." If the principles of law announced in the Sachse case were applicable to the re-division or the elimination of justice precincts, then in a county where the Commissioners' Court sought to reduce the number of justice precincts to a minimum of four, the Commissioners' Court's order would be of no force and effect if the justices of the peace and constables in the justice precincts in excess of four in number could hold their respective offices for the remainder of the terms to which they had been originally elected.

In the instant case if the Commissioners' Court of Ector County elects to do so, it may change the boundaries of the various justice precincts, but in all cases where the boundaries are altered or changed in any respect, the offices of justice of the peace and constable become vacant and must be filled by appointment of the Commissioners' Court until the next general election. Attorney General's Opinions V-790 (1949), V-1032 (1950), and WW-536 (1958).

## S U M M A R Y

The justice of the peace must maintain his office and hold his court within the boundaries of his precinct.

If the commissioners' court alters the boundary lines of any justice precinct, a vacancy exists in the office of justice of the peace and constable which the court must fill by appointment until the next General Election.

Yours very truly,

WAGGONER CARR
Attorney General

By
Fred D. Ward
Assistant

FDW:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Frank Booth
Cecil Rotsch
Howard Mays

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone