

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 21, 1975

The Honorable Walter M. Holcombe
County Attorney
P. O. Box 749
Pecos, Texas 79772

Dear Mr. Holcombe:

Opinion No. H-671

Re: Whether a justice of
the peace may hold court
in another precinct in
his county.

You have asked:

> May a justice of the peace of one precinct
> travel into another precinct in the same
> county and try criminal cases at the request
> of the justice of the peace in said other
> precinct?

Section 19 of article 5 of the Texas Constitution defines the jurisdiction
of Justice of the Peace Courts and further provides that the Legislature
may confer "such other jurisdiction, criminal and civil, as may be pro-
vided by law, under such regulations as may be prescribed by law. . . ."

Article 2377, V.T.C.S., reads:

> Whenever there is a vacancy or the justice
> in any precinct shall be absent, or unable or
> unwilling to perform the duties of his office, the
> nearest justice in the county may temporarily
> perform the duties of the office.

Prior to 1967 this provision was construed to permit another justice
in the county to perform the duties of an absent or unwilling justice of the
peace, but only if the substituted performance of such duties was accomplished
at his own office and within his own precinct. Stewart v. Smallwood, 102 S.W.
159 (Tex. Civ. App. --1907, no writ); Attorney General Opinion C-112 (1963).

However, in 1967, the Legislature of Texas exercised the prerogative extended by section 19, article 5, Texas Constitution and "provided . . . [and] prescribed by law" by the passage of article 2393a, V.T.C.S., that:

A justice may hold court for any other justice whose precinct is in the same county; and the justices of a county may exchange benches whenever they deem it expedient.

This statutory authorization for one justice to hold court for another and for justices to exchange benches is consistent with the power of district judges to "hold court for . . . any other district judge" and to exchange benches "whenever they deem it expedient." V.T.C.S., art. 1916, enacted in 1846 and constitutionally sanctioned by a multitude of judicial decisions, the latest being Floyd v. State, 488 S.W.2d 830 (Tex. Crim. App. 1972) and Peach v. State, 498 S.W.2d 192 (Tex. Crim. App. 1973).

Accordingly, one justice of the peace of a county may hold court for a second justice of the same county at the request of the second justice and within the precinct of the second justice.

### SUMMARY

A justice of the peace may hold court for any other justice whose precinct is in the same county. He may hold court in his own precinct or in the precinct of the second justice.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee