Jesse Don BITNER, Appellant

v.

The STATE of Texas, State.

No. 2–03–117–CR.

Court of Appeals of Texas,
Fort Worth.

April 1, 2004.

Michael B. Curtis, Wichita Falls, for Appellant.

Tim Cole, Dist. Atty., Montague, for State.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

The issue before us is whether a justice of the peace who is physically outside her geographical jurisdiction may sign a search warrant for property located within her geographical jurisdiction. We conclude the answer is yes, and we affirm the trial court's denial of Appellant's motion to suppress the results of the search.

### BACKGROUND

The relevant facts are basically undisputed by the parties. Appellant rents property that is located in Archer County, Texas. On February 11, 2002, James Blake, a peace officer with the Texas Department of Public Safety, presented a detailed probable cause affidavit to Archer County Justice of the Peace Jeanie Keelar ("the J.P."). Officer Blake sought to have the J.P. issue a search warrant for the property and structures located on the property that Appellant rents in Archer County. When the J.P. reviewed the affidavit and subsequently signed the requested search warrant for the property in Archer County, she was not physically within her geographical jurisdiction; she was at the police department in Olney, Texas, which is located in Young County, Texas.[1]

---

1. Officer Blake used the facilities of the Olney police department to type his affidavit. When he contacted the J.P. on her cell phone, she was in her car traveling between different locations and was able to stop by the Olney police department to review the affidavit and sign the search warrant.

As a result of the items seized during the search of the property Appellant rents in Archer County, he was charged with possession of a controlled substance, methamphetamine, of more than one gram and less than four grams. Appellant filed a motion to suppress the evidence seized as a result of the warrant, and after a hearing the trial court denied the motion. A jury found Appellant guilty, determined the enhancement allegation to be true, and assessed Appellant's punishment at 20 years' confinement.

Appellant's sole point on appeal is that the trial court erred in denying the motion to suppress. Appellant contends the search warrant is invalid because the J.P. signed the warrant at a time when she was physically outside her geographical jurisdiction.

The State responds that the search warrant is valid because the J.P. did not purport to improperly usurp the authority of another jurisdiction when she issued the search warrant, which was issued for and executed upon property that was within the J.P.'s geographical jurisdiction. The State contends that the fact that she was physically not within her geographical jurisdiction at the time she signed the search warrant is irrelevant.

## DISCUSSION

■ Article 18.01 of the code of criminal procedure relates to issuance of search warrants and provides, in pertinent part:

(a) A "search warrant" is a written order, issued by a magistrate and directed to a peace officer, commanding him to search for any property or thing and to seize the same and bring it before such magistrate.

TEX.CODE CRIM. PROC. ANN. art. 18.01(a) (Vernon Supp.2004). A justice of the peace ("J.P.") is a "magistrate" within the meaning of article 18.01. *Id.* art. 2.09.

Article 2.10 specifies the duty of magistrates:

It is the duty of every magistrate to preserve the peace within his jurisdiction by the use of all lawful means; to issue all process intended to aid in preventing and suppressing crime; to cause the arrest of offenders by the use of lawful means in order that they may be brought to punishment.

*Id.* art. 2.10 (Vernon 1977).

■ The jurisdiction of a J.P., when acting as a magistrate, is coextensive with the limits of that J.P.'s county. *Ex parte Clear,* 573 S.W.2d 224, 228 (Tex.Crim.App. 1978) (orig.proceeding); *Gilbert v. State,* 493 S.W.2d 783, 784 (Tex.Crim.App.1973). The State agrees that a J.P. cannot exercise her judicial authority outside the geographical limits of her jurisdiction. *See Gilbert,* 493 S.W.2d at 784; *Green v. State,* 880 S.W.2d 198, 200–01 (Tex.App.-Texarkana 1994, no pet.). However, the State asserts that the J.P. in the case at bar exercised her judicial authority inside the geographical limits of her jurisdiction because the subject of the search warrant was property located within Archer County, and the search warrant was in fact executed in Archer County.

In support of his assertion that the search warrant is invalid, Appellant directs us to several cases that stand for the proposition that a J.P. may not exercise judicial authority outside the geographical limits of the J.P.'s jurisdiction. *See Brown v. State,* 55 Tex.Crim. 572, 118 S.W. 139 (1909); *Stewart v. Smallwood,* 46 Tex.Civ.App. 467, 102 S.W. 159 (1907, no writ). We find the facts of *Brown* and *Stewart* to be distinguishable from the instant case because in the cited cases the magistrate purported to exercise judicial authority over property or persons that were located outside the magistrate's geographical jurisdiction. *See Brown,* 118 S.W. at 140–44

(holding J.P. is not authorized to go into neighboring precinct, where there is a qualified resident J.P., and hold a court of inquiry in the neighboring precinct); *Stewart*, 102 S.W. at 160 (holding that former statute conferred authority upon J.P. to perform duties of absent J.P. in nearest neighboring precinct but did not confer power upon J.P. to go to absent J.P.'s precinct to perform these duties; statute contemplated that the duties must be performed in the precinct of substituting J.P.). In the case before us, the J.P. exercised judicial authority over property that was located within the J.P.'s geographical jurisdiction; the J.P. did not attempt to exercise judicial authority over property that was located outside the J.P.'s geographical jurisdiction.

Appellant contends that when the J.P. reviewed the affidavit and signed the search warrant, this constituted "a *de facto* and *de jure* examining court," equivalent to an "examining trial" or "court of inquiry," and that the signing of the search warrant had to be done by the J.P. within the geographical limits of her jurisdiction. Appellant relies upon article 2.11 which is entitled "Examining Court" and provides: "When the magistrate sits for the purpose of inquiring into a criminal accusation against any person, this is called an examining court." TEX.CODE CRIM. PROC. ANN. art. 2.11 (Vernon 1977). Appellant equates the J.P.'s action in signing the search warrant to a "court of inquiry" or an "examining trial," both of which would have to be held within the J.P.'s geographical jurisdiction.

We disagree that the issuance of a search warrant by a magistrate is the equivalent to a court of inquiry or an examining court or an examining trial. A court of inquiry can no longer be conducted by a J.P.; only a district judge may conduct a court of inquiry under article 52.01. *Id.* art. 52.01 (Vernon Supp.2004).[2] One type of examining trial is held by a magistrate *after* a search warrant is executed by the peace officer and returned to the magistrate. TEX.CODE CRIM. PROC. ANN. arts. 18.10, 18.11 (Vernon Supp.2004), arts. 18.12–.14 (Vernon 1977). Upon return of a search warrant, the magistrate shall determine whether there was good ground for the issuance of the search warrant. *Id.* arts. 18.12–.14. Another type of examining trial is permitted by article 16.01, which states that "*The accused* in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense." *Id.* art. 16.01 (Vernon Supp.2004) (emphasis added). At the time the Archer County J.P. in the case before us signed the search warrant, no charges had been filed against anyone; consequently, there was no "accused" as referenced in article 16.01. *See Brown*, 118 S.W. at 144 ("[A] defendant is not accused until he has been charged with an offense, and he cannot be tried until he has been arrested, and therefore a magistrate cannot sit as an examining court, or conduct an examining trial, until he has the party under arrest and before him."). Therefore, we find unpersuasive Appellant's argument that the J.P. in the instant case was conducting the equivalent of a court of inquiry or examining court or examining trial when she signed the search warrant at issue.

### CONCLUSION

We hold that Archer County Justice of the Peace Jeanie Keelar was authorized to sign the search warrant for property located in Archer County even though she

---

**2.** *See also Ex parte Smith*, 383 S.W.2d 401, 403 (Tex.Crim.App.1964) (orig.proceeding) (upholding constitutionality of former statute that authorized J.P. to conduct court of inquiry).

personally was outside her geographical jurisdiction when she signed the search warrant. The search warrant was executed in Archer County and returned to Archer County Justice of the Peace Jeanie Keelar. We overrule Appellant's sole point and affirm the judgment of the trial court.