NATHANIEL BRYANT, JR., *Adm'r, versus* WARREN MERRILL, *& al.*

Chapter 52* of the Public Laws of 1866, providing that the "contracts of any married woman, made for any lawful purpose, shall be valid and binding," is prospective and does not apply to promissory notes made before its enactment.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note, dated May 17, 1862, signed by a Warren Merrill and his wife Martha M. A. Merrill.   The writ was dated May 21, 1866.

It appeared that, at the time of the making of the note, Martha M. A. Merrill was and is still the wife of Warren Merrill, then and now living with her husband in this State. The presiding Judge ruled, *pro forma*, that the above facts do not constitute a defence ; whereupon a default was entered, which, by agreement, was to be taken off and the action to stand for trial, if the ruling was erroneous.

*J. Ruggles*, for the plaintiff.

*A. P. Gould*, for the defendants.

DICKERSON, J. — The female defendant was a married woman when the note in suit was given, and the action was

* See opinion.

brought.   By the common law, she could not make a valid contract; nor was it competent for her, under the then existing statutes of this State, to make a valid promissory note.   If she is liable in this action, it is by reason of c. 52 of the statutes of 1866, passed since the note was given.

After making the contracts of married women " valid and binding," when made for any lawful purpose, that Act provides that it shall not be construed to affect any pending suit.

A retroactive effect will not be given to a statute, unless it clearly appears that such was the intention of the Legislature.   Without the proviso, the statute would have been exclusively prospective in its character.   The language of the Act is, such " contracts shall be valid and binding."   At least, it cannot be said that this phraseology indicates the purpose of the Legislature to make the statute applicable to then existing contracts.

Is it to be inferred from the exclusion of pending suits from the operation of the statute, that it was the intention of the Legislature to make it applicable to the same class of existing contracts which had not been sued?   Is the denial of the applicability of the statute in the one case, the assertion of its applicability in the other?   Though it is a maxim of the law in certain cases, that the expression of one thing is the exclusion of the other, we are not aware that the converse of this proposition has ever obtained as a rule in construing statutes.   Besides, it is not from inference alone that a statute of such grave character should be held to have a retroactive effect.

If it had been the intention of the Legislature to legalize existing contracts not then valid, would it have made a distinction between contracts sued, and those not sued, discriminating against the one and in favor of the other, still holding the former under the ban of illegality, while legalizing the latter, rewarding the dilatory and punishing the vigilant creditor?   No reason is perceived for such distinction,

if the statute was designed to have a retrospective effect. On the contrary, such invidious discrimination would seem to be inconsistent with that degree of intelligence, wisdom and sense of justice which the Legislature is presumed to possess.

Though the proviso is somewhat limited in its terms, yet, taken in connection with the language of the body of the Act, both together clearly indicate the purpose of the Legislature to make valid the future contracts of married women, without changing the legal character of preëxisting contracts made by them.

According to the agreement of the parties, the default is to be taken off and the case stand for trial.

Appleton, C. J., Cutting, Danforth and Tapley, JJ., concurred.

Walton, J., concurred in the result.