## SCHWARTZ et al. v. SACKS et al.

(Court of Appeals of District of Columbia. Submitted October 13, 1924. Decided November 3, 1924.)

No. 4091.

**1. Evidence ⊝423(6)—Wife, who joined with husband in execution of new note to husband's creditor, may be shown to have signed as surety.**

Wife, who joined in execution of new note to husband's creditor, may be shown to have signed as husband's surety.

**2. Husband and wife ⊝87(6), 171(1)—Statute held to prohibit married woman from making contracts as surety.**

Under Code D. C. § 1154, providing that married women may hold their property to their separate use, with power to dispose of property as fully as if unmarried, and section 1155, providing that married women may contract as fully as if unmarried, with proviso that no married woman shall make contract as surety or guarantor, or as accommodation drawer, acceptor, maker, or indorsee, note signed by married woman as husband's surety and deed of trust securing payment thereof were void; such proviso of section 1155 being limitation on married women's rights under section 1154, as well as on their rights under section 1155.

**3. Statutes ⊝228—Construction giving effect to legislative purpose favored, where legislative intent was to carry out certain public policy.**

Where a proviso was intended by Congress to carry out a certain public policy, such a construction as will give effect to the legislative purpose should be favored.

**4. Husband and wife ⊝87(6), 171(8)—Married woman's note, void because signed as surety, not valid in hands of payee's assignee.**

Married woman's note, and deed of trust to secure note, which were void under Code D. C. §§ 1154, 1155, because signed by her as husband's surety, were not valid in hands of payee's assignee, being absolutely void, and not voidable.

Appeal from Supreme Court of District of Columbia.

Suit by Isaak Sacks and another against Martin Schwartz and others. Decree for complainants, and defendants appeal. Affirmed.

R. S. Huidekoper, of Washington, D. C., for appellants.

J. A. O'Shea, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This suit was begun in the Supreme Court of the District, by the present appellees as complainants, against the appellants as defendants, for the cancellation of a certain deed of trust, and also of a certain promissory note, in so far as it purported to be the obligation of said complainant Anna Sacks Goldenberg, upon the claim that both the note and the deed of trust were illegal and void. The defendants severally answered, maintaining that the note and deed of trust were legal and valid. The parties stipulated that the case should be considered and decided by the trial court upon the bill and the answers thereto. The court thereupon sustained the bill of the complainants, and decreed a cancellation of the note and deed of trust as sought therein. From that decree the defendants have appealed.

A decision upon the present issue is made somewhat difficult by the many contradictory averments of fact in the respective pleadings of the parties, whereas, since the case was submitted upon the pleadings alone, all such contradictions must of course be disregarded, and the decision must be based upon only such facts as are conceded to be true. These are substantially as follows:

In February, 1922, Anna Sacks became the wife of Harry E. Goldenberg, both being residents of the District of Columbia. At and before that time she was the owner in her own right of a certain parcel of real estate situate within the District. At the same time Harry E. Goldenberg was indebted to Martin Schwartz upon an overdue promissory note, signed by himself alone, in the sum of $1,500. Later, to wit, in December, 1922, a promissory note for the same amount was signed by both Harry E. Goldenberg and his wife, Anna Sacks Goldenberg, payable to said Martin Schwartz, and was then delivered to him for the surrender of the former note. As part of the same transaction the wife executed and delivered a deed of trust, conveying the real estate above mentioned to Goodhue Weatherly as trustee, and to his successors, as security for the payment of the note. Afterwards the real estate was conveyed by Mrs. Goldenberg to her father, Isaak Sacks, and the note and deed of trust were assigned and transferred by Martin Schwartz, before maturity, to Morris B. Craighead. The note remained unpaid after maturity, and the trustee undertook to sell the premises under the terms of the deed of trust. Whereupon this suit was brought by the complainants to cancel the deed of trust, and also the promissory note in so far as it affected Mrs. Goldenberg, upon the claim that her husband was the principal in the obligation, while she was but surety therein, and consequently that the deed of trust, and also her signature to the note, were void under the

proviso to section 1155, Code D. C. The proviso reads as follows, to wit:

"Provided, that no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, acceptor, maker or indorser."

The issue thus presented must find its answer in a proper construction of sections 1154 and 1155 of the District Code. The first of these sections provides that married women may hold all their property to their separate use, with power to dispose of the same as fully as if unmarried. The latter paragraph provides that married women may contract as fully as if unmarried, subject, however, to the proviso aforesaid that no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, acceptor, maker, or indorser.

[1] It is clear that, if the foregoing proviso, which prohibits married women from entering into contracts as sureties, applies to section 1154, as well as section 1155, and restricts the general provisions thereof, so as to prohibit married women from pledging their separate property as security for the debt of another, then the promissory note, in so far as Mrs. Goldenberg was concerned, and also the deed of trust would have been void when delivered to Martin Schwartz, for it is unmistakably implied in the pleadings that Mrs. Goldenberg was only a surety in the debt thereby secured. Moreover, the fact of suretyship in such cases may be proven, notwithstanding the statements of the note or deed of trust. Waters v. Pearson, 39 App. D. C. 10. On the other hand, if the proviso in question be limited in operation to the provisions of section 1155, and restricts only the rights of married women to enter into contracts at law upon which actions may be brought for personal judgments in courts of law, then the deed of trust might be valid as a disposition of the complainant's separate property under section 1154, even though her signature upon the promissory note would be void.

A similar question was before this court in the case of Fisk Rubber Co. v. Muller, 42 App. D. C. 49, where a married woman contracted to indemnify another and save him harmless from the default of one whom the latter appointed as his agent, the married woman at the same time pledging certain shares of stock owned by her as security for the faithful discharge of the said obligation. The Supreme Court of the District held that these contracts of suretyship were

null and void, and directed the return to the wife of the shares of stock which she had thus hypothecated. Upon appeal this court affirmed the decree of the lower court, and, speaking by Mr. Justice Robb, held as follows:

"The suretyship agreement, so far as it affected appellee, was clearly obnoxious to section 1155 of the Code (31 Stat. 1374, c. 854), which declares 'that no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, acceptor, maker, or indorser.' Waters v. Pearson, 39 App. D. C. 10."

[2, 3] We regard the foregoing case as decisive of the present issue, to the effect that the complainant's deed of trust, as well as her signature upon the promissory note, was void. Moreover upon principle we regard this conclusion as correct. The provisions of sections 1154 and 1155 were associated in origin and character, both being part of a legislative scheme to define the rights of married women with respect to the control and disposition of their separate property and their right to enter into contracts, etc. The proviso in question was designed to save them from pecuniary loss, by prohibiting them from becoming sureties upon the executory contracts of other persons. That purpose, however, would be but partially accomplished, if at the same time they should be permitted to pledge or mortgage their separate property as security for such contracts. It is manifest that the conservation of their separate property was the chief object of legislative concern, and it is not reasonable to believe that the proviso was intended to relate only to their contracts of suretyship such as are cognizable at law, leaving them exposed to equal losses by pledging their separate estates as security for similar contracts. The effect of the latter interpretation would be to prohibit a married woman from assuming a personal obligation as surety upon the contract of another, but would permit her to pledge her entire separate estate as security for identical contracts. This construction is not tenable. In substance and effect the deed of trust in this case was not an executed or completed disposition of the mortgaged property, but was essentially an executory contract whereby the wife assumed the position of a surety upon her husband's debt, and contracted that in case of default certain of her real estate might be sold for the payment thereof. Such a contract is not inaptly described by the terms of the pro-

viso. Moreover, since the proviso in question was intended by Congress to carry out a certain public policy, such a construction as will give effect to the legislative purpose should be favored by the courts.

[4] We are therefore of the opinion that the proviso in question governs the present issue, and accordingly that the obligation of the appellee upon the promissory note and also her deed of trust to secure the same were void. And since they were not merely voidable, but void, in the hands of Martin Schwartz, they could not be valid in the hands of his assignee. Tiedeman, Commercial Paper, § 178; Vallet v. Parker, 6 Wend. (N. Y.) 615; Randolph, Commercial Paper, § 517; 40 Cyc. 216.

We have not overlooked the numerous authorities cited in the brief of the appellants, among which we may mention the learned opinion in the case of Darneille v. Tuck, 33 Wash. Law Rep. 821; but we base our present decision, both upon the important rule of stare decisis, and upon the legislative intent which in our opinion is manifested in the statute.

The decree of the lower court is affirmed, at the costs of the appellants.