## CARROLL v. ELKINS.

Court of Appeals of District of Columbia.

Submitted October 4, 1928. Decided November 5, 1928.

No. 4692.

Howard Boyd, of Washington, D. C., for appellant.

Bruce L. Casteel and Thomas O. King, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appellee, Elkins, filed in the court below a judgment creditor's bill against appellant, Emma F. Carroll, in which it is alleged that on the 23d of June, 1915, Elkins obtained a judgment against Emma F. Carroll, appellant, R. M. Pettit, and S. S. Carroll in the sum of $800, with interest. The bill further alleges that appellant is the owner or holder of the legal title to definitely described real estate in the District of Columbia incumbered by two deeds of trust. The trustees under these deeds of trust are made parties defendant. It then is averred that, on account of the nature of appellant's interest in this real estate, a full, adequate, and complete remedy at law could not be had. The prayers of the bill were for process, a decree establishing the lien, an order for the sale of the real estate, and that so much of the proceeds of the sale as might be necessary be applied to the payment of the judgment, and for such other and further relief as the court might deem just.

Upon the issuance of process, appellant filed an answer and cross-bill, which was struck, with leave to amend. Thereupon an amended answer and cross-bill was filed, in which it was contended that execution at law could and should have been resorted to by the appellee, and that the judgment is void because it is founded on an accommodation note made by appellant while a married woman. This amended answer and cross-bill likewise was struck out, and a decree pro confesso entered. In due course a decree was entered for the sale of appellant's equitable interest in the real estate, and as much of the proceeds as are necessary to be applied to the satisfaction of the judgment.

The bill alleged, and it clearly appears, that the real estate involved was incumbered by two trusts. In such a situation, the provisions of section 1214 of the Code are directly applicable, as was held in Biggs v. Campbell and Redman v. Campbell, 46 App. D. C. 288. That section provides that "every final judgment at common law and every unconditional final decree in equity for the payment of money, from the date when the same shall be rendered, * * * shall be a lien on all the freehold and leasehold estates, legal and equitable, of the defendants bound by such judgment, decree, or recognizance, in any lands, tenements, or hereditaments in the District, whether such estates be in possession or be reversions or remainders, vested or contingent but such liens on equitable interests shall be enforced by bill in equity. * * * "

Whether the two deeds of trust were subject to the judgment or the judgment to them was a question to be determined, and did not, as suggested by appellant, affect appellee's right to file his bill.

Section 1155 of the Code provided, inter alia, "that no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, exceptor, * * * maker, or indorser" (proviso repealed by Act of May 28, 1926, 44 Stat. pt. 2, p. 676), and in Schwartz v. Sacks, 55 App. D. C. 87, 2 F.(2d) 188, *a suit on a note signed by a married woman as surety for her husband,* this court, in an opinion by Mr. Chief Justice Martin, held the note to be void.

We now are asked to hold that a judgment against a married woman is subject to collateral attack upon an averment that it is founded on a consideration denounced by the statute, as, for instance, an accommodation note. We think the issue involved in such an averment could and should have been raised and determined in the original suit, in which the court clearly had jurisdiction of the parties and the subject-matter. Such in effect was the decision of this court in Magruder v. Armes, 15 App. D. C. 379. See, also, Hunter v. U. S., 48 App. D. C. 19.

One other point remains to be noticed. The bill, as already noted, prayed that all the real estate be sold. The trustees under the deeds of trust filed an answer, which evidently caused appellee to doubt whether his equity was superior to theirs. At all events, the decree simply directs the sale of appellant's equitable interest in the real estate. It is contended in her behalf that such a decree is a nullity, because it does not show what is to be sold. Obviously, appellant's interest is that left after the satisfaction of the two deeds of trust.

Decree is affirmed, with costs.

Affirmed.