222

## BRADBURY v. HOWARD.

Court of Appeals of District of Columbia.
Submitted November 9, 1928. Decided
February 4, 1929.

No. 4698.

Francis P. Sheehy and Vincent A. Sheehy, both of Washington, D. C., for appellant.

Webster Ballinger, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court enjoining appellant from collecting a certain promissory note from the appellee, and enjoining the sale of certain real estate by trustees under a deed of trust as a means of enforcing collection of the note.

The controlling facts in the case appear with certainty. At the time of the occurrences now in question the appellee, Ella D. Howard, and her husband, James H. W.

Howard, were residents of the District of Columbia, and were seized in fee as tenants by the entireties of certain real estate situate in the District, which they occupied as their family residence. Upon a certain occasion Howard, acting for himself alone, and without the knowledge or consent of his wife, purchased certain shares of corporate stock from the Wheeler Company, a banking corporation, and agreed to pay the sum of $2,500 in cash to the company therefor. In lieu of the cash payment, however, the Wheeler Company afterwards accepted a promissory note for that amount signed by Howard and his wife, secured by deed of trust executed by them upon the residence property aforesaid. The wife had no interest in the stock, and signed the note and deed of trust at the request of her husband, and upon his representation that he desired to borrow the money. The Wheeler Company, after receipt of the note and deed of trust, advertised the same for sale in a newspaper, and the publication came to the notice of the appellant, Bradbury, or of his agent and broker, one Quinn. The latter was then authorized by Bradbury to see about purchasing the note and security for him. In the course of this service Quinn conferred with the Wheeler Company about the note and deed of trust, but refused to buy the same because of an objection to their form as then drawn. In order to meet these objections, a new note and deed of trust were executed by Howard and his wife at the request of the Wheeler Company, to take the place of the former ones. In the latter note Bradbury was named as payee. It was secured by a new deed of trust upon the same property, signed by Howard and his wife, with Quinn and another named therein as trustees. Quinn accepted the new papers for Bradbury, but refused to pay the money to the Wheeler Company, except upon the written order of Howard and his wife. Accordingly such an order was drawn up and signed by them, whereupon the amount of the note, less commissions and expenses, was paid over to the Wheeler Company by Quinn.

At the time of these transactions Bradbury was not acquainted with Howard or his wife, and personally had nothing to do with the events which led up to the execution of the first note and deed of trust. He had no knowledge whatever of the purchase of the stock by Howard from the Wheeler Company, nor of the nature of the business of that company or of its officers. He left the whole matter to Quinn to settle for him.

The note was not paid when due, and the trustees thereupon took steps to sell the real estate under the power granted to them in the deed of trust. Whereupon Howard's wife, as plaintiff, commenced the present case by filing a bill of complaint in the lower court, praying for an injunction to restrain further proceedings by the trustees, and also to restrain the collection of the note from her by Bradbury, upon the claim that she had signed the same as surety for her husband, and therefore that neither instrument was valid as against her. This claim was based upon the proviso to section 1155, D. C. Code, which reads in full as follows:

"Sec. 1155. *Power of Wife to Trade, and to Sue and be, Sued.*—Married women shall have power to engage in any business, and to contract, whether engaged in business or not, and to sue separately upon their contracts, and also to sue separately for the recovery, security, or protection of their property, and for torts committed against them, as fully and freely as if they were unmarried; contracts may also be made with them, and they may also be sued separately upon their contracts, whether made before or during marriage, and for wrongs independent of contract committed by them before or during their marriage, as fully as if they were unmarried, and upon judgments recovered against them execution may be issued as if they were unmarried; nor shall any husband be liable upon any contract made by his wife in her own name and upon her own responsibility, nor for any tort committed separately by her out of his presence without his participation or sanction: Provided, that no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, exceptor (sic), maker, or indorser."

The lower court sustained the complaint of the plaintiff and perpetually enjoined Bradbury from asserting any claim or demand against the plaintiff by reason of the promissory note aforesaid, and decreed that the deed of trust given to secure the payment thereof was null and void and of no effect. The present appeal was taken from that decree.

█ In our opinion the decree of the lower court is right. It is certain that the plaintiff, when she signed the promissory note and the deed of trust, was a married woman, and that she was not in fact a principal in the obligation, but undertook by signing the instruments to bind herself as surety for her husband. The proviso to section 1155, supra, however, unqualifiedly incapacitates a married woman from making any contract as surety. It follows, therefore, that the acts done by Mrs. Howard for that purpose were null and void, and utterly failed to impose upon her any obligation, enforceable either at law or in equity. Waters v. Pearson, 39 App. D. C. 10; Fisk Rubber Co. v. Muller, 42 App. D. C. 49; Schwartz v. Sacks, 55 App. D. C. 87, 2 F.(2d) 188; American Wholesale Corp. v. Aronstein, 56 App. D. C. 127, 10 F.(2d) 991.

It is claimed by appellant that he dealt with Mrs. Howard as a principal in the obligation and not as a surety for her husband. Appellant contends that under such circumstances the proviso in question does not apply. We regard this contention as untenable, for the fact remains that the wife actually signed the note as surety only, and that she lacked legal capacity to bind herself thereby. The act, being prohibited by the statute, was not voidable only, but void. In the case of Schwartz v. Sacks, supra, this court held that a married woman's note and deed of trust to secure the same, which were void under the proviso to section 1155, D. C. Code, supra, because signed by her as her husband's surety, were not valid in the hands of the payee's assignee before maturity, being absolutely void, and not voidable only.

█ It is also contended by appellant that Mrs. Howard had no separate property right in the real estate in question, inasmuch as it was held by her husband and herself as tenants by the entireties, and therefore the statute has no application to the deed of trust given to secure the note. The rule, however, is otherwise.

In reference to such estates it is stated, with citations of authority, in 30 C. J. 570: "And in jurisdictions where a married woman is prohibited by statute from entering into a contract of suretyship, a mortgage executed by husband and wife to secure the individual debt of the husband is void as to the wife under the statute and is void as to the husband under the rule that he has no estate in the land which he can convey or encumber by his individual act or deed." See American Wholesale Corporation v. Aronstein, supra; Dodge v. Kinzy, 101 Ind. 102.

█ The proviso to section 1155, supra, was repealed at a date subsequent to the time of the present transaction and the bringing of this case (44 Stat. 676), but before the final decree therein, and it is contended by appellant that the repeal divested Mrs. Howard of her defense under the proviso, and

entitled appellant to proceed with the collection of the note under the deed of trust. We cannot agree with this view.

"The validity of a married woman's contract is governed by the law in force at the date of its execution, the law subsequent to the date of the contract not affecting its validity, although it may give her the right to sue on a contract valid but theretofore unenforceable; and where the prior law merely makes a contract voidable and the contract is reaffirmed after passage of statutes rendering such contracts valid, the contract will be binding." 30 C. J. 729.

In Bryant v. Merrill, 55 Me. 515, it was held that a married woman's contract, void at the time it was executed, could not be made valid by a subsequent law, and that the law so attempting to validate the contract was itself void.

It is contended by appellant that it would be contrary to equity and good conscience to allow Mrs. Howard to prevail in the case. In answer to this it must be said that the proviso in question is without qualification, or exception, and is binding upon courts of equity as well as of law.

We hold accordingly that the decree appealed from should be, and it is, affirmed at the cost of appellant.