### STEELE v. HARRISON et al.

Court of Appeals of District of Columbia.
Submitted April 3, 1929. Decided
May 6, 1929.

Petition for Rehearing Denied May 25, 1929.

No. 4746.

Walter C. Balderston and Leonard J. Mather, both of Washington, D. C., for appellant.

R. B. Dickey, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant as plaintiff in the lower court filed a bill of complaint against the appellees, praying that a certain deed of conveyance theretofore executed by her be set aside upon the ground of fraud and also upon the ground that it was obnoxious to the proviso of section 1155, D. C. Code (then in force), providing that no married woman shall have power to make any contract as surety or guarantor. The lower court heard the evidence and dismissed appellant's bill. This appeal is now prosecuted upon a record containing the pleadings and the substance of the evidence heard by the trial court. We have carefully considered both pleadings and evidence, and we are convinced that the controlling facts in the case are in substance as follows:

On May 15, 1926, the appellant, Elsie A. Steele, was, and still is, a married woman, the wife of Lewis P. Steele, and was the owner as tenant in common with Blanche A. Davis of certain real estate situate in the District of Columbia, subject to certain trust incumbrances which are not in question in this case. At that time appellant's husband Lewis P. Steele, and William E. Davis, husband of appellant's cotenant Blanche A. Davis, were partners engaged in the real estate business in the District of Columbia, and were in need of funds with which to meet their obligations. They accordingly formulated a plan of having their wives place a trust deed upon the aforesaid property wherewith to secure funds for the use of the partnership. Pursuant to this plan appellant and her cotenant, acting under the direction of their husbands, on May 15, 1926, executed and delivered to Francis L. Davis, brother of said William E. Davis, a deed of conveyance in fee simple for the real estate aforesaid, without any consideration whatever moving to the grantors. On the same day said Francis L. Davis executed a deed of trust upon the property to appellees Raymond B. Dickey and Sidney B. Harrison, to secure one H. L. Timbelake in the sum of $7,355. On May 25, 1926, however, this trust was released of record, and on the same day a trust deed was executed to the same trustees to secure the firm of Davis & Steele, in the same sum, to wit, $7,355, and this obligation was indorsed by Davis & Steele to Sue K. Harrison. On the same day, to wit, May 25, 1926, Francis L. Davis reconveyed the property to appellant and her cotenant subject to the aforesaid trust in favor of Steele and Davis in the sum of $7,355.

The appellant's bill of complaint attacks the deed of conveyance executed by her and

966

her cotenant to Francis L. Davis and prays that it be set aside on the ground that appellant was induced to sign the same by the fraudulent representations of certain of the appellees. This charge, we think, is not sustained by the evidence. Appellant also attacks the deed of trust placed by Francis L. Davis upon the property to secure Steele and Davis in the sum of $7,355, upon the ground that the trust deed if sustained would subject her property as security for the indebtedness of Steele and Davis, thus obligating her as an accommodation surety for them in violation of the proviso of section 1155, D. C. Code (since repealed [see 44 Stat. 676]) which provided that no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, acceptor, maker, or indorser.

We think the latter contention of appellant should be sustained. The circumstances surrounding the transaction in question give unmistakable proof of the fact that Francis L. Davis, as grantee in the deed of conveyance, was acting merely as the agent and trustee of appellant and her cotenant in order to place a trust upon their property to serve as security for the debts of their husbands. This was evidently done in order to escape the express provisions of the statute prohibiting such suretyship. Equity, however, looks through the form of the transaction to its substance, and in such case as this the law follows the equitable rule. It results accordingly that the trust given by Francis L. Davis is subject to the same infirmities as if given directly by appellant, and is therefore void.

In Waters v. Pearson, 39 App. D. C. 10, 16, Chief Justice Shepard spoke for this court as follows: "1. Section 1155 of the Code (31 Stat. at L. 1374, chap. 854) confers general power upon married women to engage in business, to contract, to sue separately, etc., as fully and freely as if unmarried, but concludes with this proviso: 'That no married woman shall have power to make any contract as surety or guarantor, or as accommodation drawer, acceptor, maker, or indorser.' By this proviso married women were prohibited from binding themselves as surety for others. But the limitation would be of little or no benefit if it could be evaded by the mere form of the contract entered into. If the mere form of the contract, making the married woman appear as a principal, instead of a surety, would serve to prevent judicial investigation of the real nature of her obligation, the provision of the statute would become a dead letter. The statute declares a rule of public policy and its object is to be executed by courts of law as well as equity. Any one may defend an action on a contract by proof that it is in violation of a statute. E. Bement & Sons v. National Harrow Co., 186 U. S. 70–88, 22 S. Ct. 747, 46 L. Ed. 1058–1068. See Fisk Rubber Co. v. Muller, 42 App. D. C. 49; Schwartz v. Sacks, 55 App. D. C. 87, 2 F.(2d) 188; Howard v. Quinn, 55 Wash. Law Rep. 527, affirmed Bradbury v. Howard, 58 App. D. C. 383, 31 F.(2d) 222.

The decree of the lower court is reversed with costs, and this cause is remanded for such further proceedings as are not inconsistent herewith.

Reversed.