KIESS v. BALDWIN.
No. 6184.

United States Court of Appeals for the
District of Columbia.

Argued Oct. 3, 1934.

Decided Dec. 3, 1934.

Wm. J. Neale and J. Leonard Townsend, both of Washington, D. C., for appellant.

Swagar Sherley, Frederick De C. Faust, and Charles F. Wilson, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an action begun in the lower court by the receiver of the Commercial National Bank of Washington against appellant, Roemer C. Kiess, as defendant, for the recovery of a judgment upon a certain promissory note executed and delivered by her to the bank.

In the declaration the receiver alleged that on January 11, 1929, the defendant signed and delivered to the bank her certain promissory note in the sum of $12,352.20 payable to the bank at its banking house in Washington, D. C., upon demand, secured by a pledge of 30 shares of stock of the National City Bank of New York. That the note, less certain credits, was due and payable in the sum of $9,316.69, which amount remained unpaid and for which the plaintiff prayed judgment.

The defendant filed a plea setting out two separate defenses to the declaration. The plaintiff demurred to both pleas and the court sustained both demurrers. The defendant elected to stand upon her pleas, and judgment was rendered against her accordingly. From that judgment the present appeal is taken.

In this opinion we shall consider the demurrer to each plea separately. In the first plea defendant alleged that when she signed and executed the note in question she was a married woman residing with her husband in the state of Pennsylvania, and that she then and there executed and delivered the note to the bank solely as an accommodation maker for her husband, and that she received no personal consideration or benefit whatsoever as a result of executing the note. That in the act of June 8, 1893, P. L. 344, § 2, of the laws of the state of Pennsylvania (48 PS Pa. § 32), it was provided that a married woman "may not become accommodation indorser, maker, guarantor or surety for another." Defendant alleged that her liability upon the note must be determined by the laws of the state of Pennsylvania and that under and by virtue of such law, she, being a married woman, would not

have legal capacity to sign a promissory note as an accommodation maker thereof.

We are of the opinion that the lower court was right in sustaining the demurrer to this plea. It is conceded that under the law of the District of Columbia as it then existed a married woman was entitled to sign such a note as an accommodation maker, surety, or indorser for her husband. The question therefore is whether the Pennsylvania law, prohibiting such action, or the District of Columbia law, whereby it was permitted, should be considered as controlling in the transaction. We are of the opinion that the law of the District of Columbia controlled the transaction in this particular.

"In the case of a note made in one State and payable in another, it is clear that the maker will be held liable according to the law of the place where it is payable, as that is the place where his contract is to be performed, and he is presumed to have contracted with reference to the law of that place." 3 R. C. L. p. 1137, § 352; Hunt v. Standart, 15 Ind. 33, 77 Am. Dec. 79; Rose v. Park Bank, 20 Ind. 94, 83 Am. Dec. 306; Emerson v. Partridge, 27 Vt. 8, 62 Am. Dec. 617.

"It should be borne in mind that the contract of a maker of a note, or of an acceptor of a bill of exchange, is not necessarily to be considered as made where the actual signing takes place. Such a contract is always deemed to be made in the place where the act is done which first makes it a binding contract, and it is clear that this may be other than the place of signing. So where a note is signed in one State and placed in the hands of the payee in another State, the contract is deemed to have been made in the latter jurisdiction, and will be held valid, even though, as in the case of a note made by a married woman, it may be invalid where it was actually signed." 5 R. C. L. 968.

The note involved in the present case, although signed in Pennsylvania, is dated "Washington, D. C., July 11, 1929." It is made payable at the Commercial National Bank of Washington, D. C. It plainly contemplated that its delivery should not be complete until it was received by the bank at its banking house in Washington, D. C. It may fairly be assumed that it was the intention of the defendant to execute an instrument such as would impose a lawful obligation upon her. In view of these incidents of the transaction the note should be considered as a contract made in the District of Columbia. The trial court accordingly was right in

sustaining the demurrer of the plaintiff to the first plea.

We are constrained, however, to the conclusion that the trial court erred in sustaining the demurrer to defendant's second plea. This plea reads in part as follows:

"This defendant denies that she is indebted to the plaintiff on account of said note for that same was made and signed by her without any consideration to her moving on account of the same and alleges and avers the fact to be that on or prior to the date of said note, to wit, July 11, 1929, her now deceased husband, Edgar R. Kiess, had purchased from or through the Commercial National Bank of Washington, D. C., certain securities, the exact nature and value whereof this defendant cannot state.

"That the said Commercial National Bank, in payment of said securities, had received from her said husband in full payment and satisfaction of said securities the note of her said husband in the sum of $12,-352.20, which was the sole and only consideration for the execution by her husband of said note;

"And that, thereafter on or about, to wit, the 11th day of July 1929, the said Commercial National Bank of Washington, District of Columbia, without any consideration whatsoever moving to this defendant, demanded of and received from her the note herein sued upon as further security for the payment by her husband of the purchase price of said securities.

"Wherefore she says that the said note was executed for a past consideration and that she is therefore not liable to the plaintiff on account thereof, and she therefore prays to be hence dismissed without costs."

In our opinion this plea sets out a valid defense to the action. It alleges that the defendant signed the note in question upon the demand of the bank solely in order to serve as additional security for the note of her husband, which had already been executed and delivered by him to the bank as a fully completed transaction upon a consideration in which the defendant had no part. Under these circumstances, which are conceded by the demurrer to be true, the defendant was not liable upon the note, inasmuch as no consideration existed to support its execution by her.

"A wife's note, given to a third person in payment of her husband's debt, is for a valuable consideration; but a note given as security for such a debt, previously existing, is not. To make a note of the latter kind valid, there must be a new consideration. But in the case supposed, the wife obtains nothing, and the husband's creditor gives up nothing, and there is no consideration moving from either party to the other." Widger v. Baxter, 190 Mass. 130, 76 N. E. 509, 510, 3 L. R. A. (N. S.) 436.

The same principles are set out in the case of Strong v. Sheffield, 144 N. Y. 392, 39 N. E. 330, which involved the liability of a wife on her indorsement of the promissory note of her husband. The note had been given for a pre-existing debt of the husband to the plaintiff. The court said: "The contract between a maker or indorser of a promissory note and the payee forms no exception to the general rule that a promise not supported by a consideration is nudum pactum. The law governing commercial paper which precludes an inquiry into the consideration as against bona fide holders for value before maturity has no application where the suit is between the original parties to the instrument."

In Turle v. Sargent, 63 Minn. 211, 65 N. W. 349, 56 Am. St. Rep. 475, The Supreme Court of Minnesota held that if a third party, without any consideration personal to himself, gives his promissory note to a creditor as collateral to the mere naked debt of another, without any circumstance of advantage to the debtor, or disadvantage to the creditor, the note is without consideration.

In Bradt v. Krank, 164 N. Y. 515, 58 N. E. 657, 79 Am. St. Rep. 662, it is held that an instrument in writing, by which one promises to pay another a certain sum due from a third party on or before a day named therein, is not a promissory note importing a consideration, and in order to sustain a judgment based thereon a consideration must exist and be proved.

In 3 R. C. L. p. 928, § 123, it is said: "The general rule sustained by the great weight of authority is that the undertaking of one not a party to the original transaction, who, in pursuance of some subsequent arrangement, signs as surety, guarantor, or indorser after the original contract has been fully executed and delivered, is a new and independent contract and to be binding, must be supported by a new and independent consideration from that of the original contract."

It may be noted that the present action is brought by the receiver of the bank, who now holds the note in that capacity only. It is hardly necessary for us to say that the present issue is controlled by the same prin-

ciples which would govern in case the bank itself were the party plaintiff herein.

It must be understood that we are not passing judgment, either expressly or impliedly, upon the final merits of this case. We are at present passing solely upon the legal effect of the defendant's second plea as challenged by the demurrer. The case will be remanded to the trial court with instructions for further proceedings not inconsistent with the foregoing views. The facts in the case may be developed further by testimony and the case decided accordingly, but restrained as we are by the facts set out in the second plea, which are conceded by the demurrer to be true, we are constrained to hold that the court erred in its judgment.

The judgment is reversed, with costs, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.