**ARNOLD et al. v. WILSON.**

Civ. A. No. 804.

United States District Court
S. D. Texas, Brownsville Division.

Oct. 25, 1952.

------♦------

Johnson, Sloan, Phillips, Hester, Jenkins & Lewis, Harlingen, Tex., for plaintiffs.

C. S. Eidman, Jr., Brownsville, Tex., for defendant.

ALLRED, District Judge.

Plaintiffs, citizens of Arkansas, sue defendant, a resident citizen of Cameron County, Texas, for $10,000 commission allegedly earned by them by virtue of the exchange of defendant's ranch in Missouri for Texas properties. After the exchange, defendant moved to Cameron County, in the Brownsville Division of this Court.

The complaint, aided by a more definite statement, sets up an *oral agreement made in Missouri*, when defendant lived there, to pay plaintiffs a 5% commission on a valuation of the ranch at $200,000. "Plaintiffs base their claim for commission on the correspondence from Wilson, asking that said property be sold, and in relation to the sale or trade thereof impliedly agreed to pay

the customary commission and in the direct verbal promise of Wilson to pay such commission, in reliance of which promise plaintiffs actually did find, after extensive effort and expense, property desired by Wilson, for which he traded the Missouri property."

Defendant moved to dismiss because the agreement was not in writing as required by Art. 6573a, Sec. 22, of Vernon's Texas Civil Statutes, reading as follows:

"Sec. 22. No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. This provision shall not apply to any action for commissions pending in any court in this State at the effective date of this Act. Acts 1939, 46th Leg., p. 560."

In view of plaintiffs' reference to the correspondence, in the more definite statement, the court directed that copies be filed for consideration in connection with the motion to dismiss. Upon review of this correspondence, I find that the only reference to a commission is in defendant's first letter to plaintiffs, stating that he would like to trade his property for a "high class summer resort" and inquiring, "What is your rate of commission." Clearly, therefore, the action here is based upon the oral agreement.

Section 22, supra, while a part of the real estate broker's licensing act enacted in 1939, is a mere enlargement of the Texas Statute of Fraud and the construction of the latter statute has great weight in its interpretation.[1] Its provisions are mandatory and noncompliance precludes recovery, either upon the contract or quantam meruit.[2] The general rule that the memorandum must contain the essentials of the contract, without resort to parol evidence, applies; it must contain a promise to pay a commission; and correspondence of the nature shown here has been held not to be a sufficient writing.[3] So, it cannot be, and is not, urged that plaintiffs could recover the commission if the contract had been made in Texas and dealt with Texas lands.

Pointing to the admitted fact that oral contracts for real estate commissions are valid in Missouri and Arkansas, plaintiffs invoke the general rule that a contract valid where made, is valid everywhere; but this rule of comity extends only to *rights*, it does not embrace *remedies*. Wells Fargo Bank & Union Trust Co. v. Titus, D.C., 41 F.Supp. 171, 173. This principle was recognized on appeal by the Court of Civil Appeals for this circuit, 134 F.2d 223, where the writer was reversed in holding that an agreement in advance not to plead limitation, valid where made, was enforceable in this state. The Court of Appeals held that such an agreement pertained entirely to the *remedy*, not to the substance and that limitation nevertheless could be pleaded in this state although it could not have been asserted in California, where the agreement was made.

The Supreme Court of Texas has held that Section 22 does not render *void* or *illegal* an oral contract for commission but merely establishes a rule of evidence.[4] Evidence, being a part of judicial procedure, pertains to the remedy; and questions of evidence therefore are governed by the law of the forum.[5] Clearly, then, the statute applies to the *remedy,* not to the *right;* and the lexi fori governs. Sec. 22 of the statute reads almost word for word like the Texas statute of frauds, Art. 3995; and "By the weight of authority a statute so worded does not affect the *legality* and *validity* of the contract, but only the *evidence* by which it must be proved." Hamilton v. Glassell,

1. 2 Tex.Jur., Ten Year Supp. 565, Sec. 26a and authorities therein cited.

2. 2 Tex.Jur., Ten Year Supp. 566, Sec. 26b and authorities therein cited.

3. 2 Tex.Jur., Ten Year Supp. 567, 568, Sec. 26c and authorities therein cited.

4. Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487, 148 A.L.R. 1320; Penrod v. Krebs, Tex.Civ.App., 240 S.W.2d 388, error ref.

5. 20 Am.Jur. 35, Sec. 5; 11 Am.Jur. 521; 17 Tex.Jur. 165, Sec. 4.

5 Cir., 57 F.2d 1032, 1033. (Emphasis supplied.)

The brokerage cases enumerated in Johnson v. Allen, 108 Utah 148, 158 P.2d 134, 159 A.L.R. 266 et seq., cited by plaintiffs, are distinguishable. They simply recognize the general rule that where such contracts are valid according to the law of the state where contracted or to be performed, they will be upheld everywhere. None of them deal with the situation here, where a law of the forum forbids *parol evidence* of such an agreement in any action filed in the courts of that state.

Defendant's motion to dismiss will be treated, along with the copies of the correspondence, as a speaking motion for summary judgment. It will be granted, without prejudice to plaintiffs' right to maintain the action in any appropriate forum.

The Clerk will notify counsel. Defendant's counsel will submit an order accordingly within 10 days.